IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRELL BROWN, a/k/a
MARCUS HOWARD,

                                                                                     OPINION AND ORDER

                         Petitioner,

                                                                                      13-cv-692-bbc

     v.

R. WERLINGER,
Warden, Federal Correctional
Institution - Oxford,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Terrell Brown brought this post conviction motion for relief under 28 U.S.C. § 2241, contending that he is wrongfully incarcerated. According to petitioner, he was sentenced on September 10, 2002 to a term of 360 months for conspiring to distribute more than 50 grams of cocaine base. At sentencing in the United States District Court for the Northern District of Indiana, he was found to be a career offender because he had a prior crime for drug distribution and another one for reckless homicide in violation of Wis. Stat. § 940.06(a). He contends that the career offender finding may have been proper at the time, but after the Supreme Court decided in Begay v. United States, 555 U.S. 137, 142-54 (2008), that a crime of recklessness cannot support a finding of career offender status, he realized he had been sentenced improperly.

      Respondent disagrees with petitioner, contending that petitioner's claim is barred for

1

at least three reasons. First, it has been ruled upon by the Court of Appeals for the Third Circuit, which affirmed the District Court for the District of New Jersey's denial of petitioner's motion for relief under 28 U.S.C. § 2241. Petitioner is not free to raise the same claim again in another district. Alternatively, respondent says, when petitioner was sentenced in Indiana, he waived his right to appeal any sentence imposed on him or to file a post conviction motion challenging his sentence and the Third Circuit found that his waiver of appellate or post conviction rights was knowing and voluntary and enforcing it would not work a miscarriage of justice. Brown v. Zickefoose, 531 Fed. App'x 219, 221-22 (3d Cir. 2013). Respondent's final point is that even if Begay had been decided before petitioner was sentenced, it would not have precluded the court from using his reckless homicide conviction to find him a career offender. Because I conclude that petitioner's claim is barred for the first two reasons, I need not reach the third.

BACKGROUND

Petitioner Terrell Brown was charged in 2001 with distributing crack cocaine, using a telephone to distribute crack and conspiring to distribute crack, in violation of 18 U.S.C. §§ 841, 843 and 846. He pleaded guilty to the conspiracy count under a plea agreement that included the following waiver:

> I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]

Dkt. #11-1. At the plea hearing, the district court went over the plea agreement and other matters with petitioner. Dkt. #11-2. Petitioner told the court he understood he was giving up his right to appeal his sentence and his right to file any other petitions attacking his sentence. Id. at 8-9.

The probation officer prepared a presentence report. Among other things, it included the information that petitioner had been using an assumed identity when he was arrested, when he entered his guilty plea and when he was first interviewed by the probation office. Once the probation office determined petitioner's real identity, it discovered that he had two prior felony convictions relevant to his sentencing (as well as other prior convictions). One was a 1993 conviction for possession with intent to distribute five grams or more of cocaine base; the second was a 1994 conviction in Wisconsin for reckless homicide in violation of Wis. Stat. § 940.06(1). The probation office determined that under the Sentencing Guidelines, the 1993 conviction was a felony controlled substance offense and the 1994 conviction was a crime of violence. These two convictions made petitioner a career offender under U.S.S.G. § 4B1.1(a), which meant that his mandatory guidelines imprisonment range was 360 months to life.

Petitioner moved to withdraw his guilty plea but the motion was denied. He was sentenced to 360 months. He appealed the court's denial of his motion to withdraw his plea; the Court of Appeals for the Seventh Circuit affirmed the court's ruling. United States v. Howard, 341 F.3d 620 (7th Cir. 2003).

In 2003, defendant moved for post conviction relief under 28 U.S.C. § 2255 in the

3

United States District Court for the Northern District of Indiana, but did not challenge his classification as a career offender. The district court denied the motion. Both it and the Court of Appeals for the Seventh Circuit denied defendant a certificate of appealability.

After the Supreme Court decided in Begay, 555 U.S. 137, that only felony convictions in which the charged conduct is purposeful count as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the Court of Appeals for the Seventh Circuit held in Smith v. United States, 544 F.3d 781, 786 (7th Cir. 2008), that crimes requiring only a *mens rea* of recklessness cannot be considered crimes of violence under the career offender guidelines. In a later case, the court of appeals held that Begay applied retroactively to cases on collateral review under 28 U.S.C. § 2255. Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010).

Relying on Begay and Welch, petitioner sought permission from the Court of Appeals for the Seventh Circuit under 28 U.S.C. § 2244(b)(3) to file a second or successive collateral attack under 28 U.S.C. § 2255. The court denied the request because, it held, Begay did not announce a new constitutional rule. It added that its ruling did not bar petitioner from filing a motion under 28 U.S.C. § 2241. Brown v. United States, 7th Circuit No. 11-1893 (May 13, 2011).

Heeding the court's advice, petitioner filed a motion for relief under § 2241 in the District of New Jersey, where he was incarcerated. The district court denied the motion on the ground that it lacked jurisdiction to entertain the petition. Howard v. Zickefoose, 2011 WL 3651330 *3, reasoning that 28 U.S.C. § 2255 prohibits a district court from

entertaining a challenge to a federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention. The court noted that this test is not met "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. Petitioner had not alleged any reasons why § 2255 might be inadequate or ineffective as a remedy for his challenges to his sentence; he had simply alleged that his federal sentence had been enhanced improperly. The district court cited a number of Third Circuit cases holding that § 2241 challenges to sentence enhancements based on Begay did not invoke § 2255. It added that although the court of appeals had allowed § 2241 to be used to challenge a conviction for a crime that had been negated through a later change in the law, it had not allowed it for correcting intervening changes in the sentencing law. Id. at *4 (citing United States v. Kenney, 391 Fed. App'x 169, 172 (3d Cir. 2010)).

Petitioner appealed the denial of his § 2241 motion to the Court of Appeals for the Third Circuit, which affirmed the denial on a different ground, without discussing the question of jurisdiction. Instead, it relied on its finding that petitioner had waived his appeal rights knowingly and voluntarily and that enforcing the waiver would not work a miscarriage of justice. Brown v. Zickefoose, 531 Fed. App'x 219, 221-22 (3d Cir. 2013). Petitioner did not appeal this ruling to the Supreme Court.

5

OPINION

As respondent has pointed out, petitioner's second § 2241 motion is subject to dismissal on a number of different grounds.  First, he is barred from filing a § 2241 motion in this court because he has raised the same motion in a district court in the District of New Jersey and it has been ruled on; the ruling has been affirmed by the Court of Appeals for the Third Circuit; and he did not seek a writ of certiorari from the United States Supreme Court.  His physical presence in this district as a result of his transfer to the Federal Correctional Institution at Oxford does not give him any new filing rights.  This is because a district court may consider a § 2241 motion only in the rare case in which the petitioner can show that a proceeding under § 2255 would be inadequate or ineffective to test the legality of his detention.  In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (defendant cannot pursue claim under § 2241 unless he can show that he had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence").

Now that petitioner has had a chance to test the legality of his detention, first in the federal district court in New Jersey and then in the Court of Appeals for the Third Circuit, he cannot say he never had a reasonable opportunity to obtain a correction of a fundamental defect in his sentence.  (Defendant argues that petitioner had at least one other opportunity to test the legality of his conviction:  he could have raised the issue on direct appeal or in a timely § 2255 motion because it was not clear before 2008 that Seventh Circuit law foreclosed a claim that reckless homicide in Wisconsin was not a crime of violence.  I express

no opinion on the merits of this argument.)

Second, even if the previous Third Circuit litigation did not bar petitioner from proceeding with his § 2241 motion in this court, he would have no more success here than he did in the Third Circuit. His plea agreement made it plain that he was giving up his right to appeal his sentence and his right to challenge his sentence in a post conviction proceeding. A review of the agreement and the transcript of the plea colloquy shows that any argument that he did not enter into the plea agreement knowingly and voluntarily is doomed to failure.

Finally, respondent argues that the crime of reckless homicide qualifies as a crime of violence even after <u>Begay</u>. Because it is not necessary to decide this issue in order to resolve petitioner's motion, I will defer consideration of it until it is raised in another case in which it would be dispositive.

ORDER

IT IS ORDERED that the motion for post conviction relief under 28 U.S.C. § 2241 filed by defendant Terrell Brown, a/k/a Marcus Howard, is DENIED.

Entered this 26th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge